PER CURIAM.
Mary Ganzel, former wife, moved the circuit court of Duval County, Judge Bill Parsons, for an order finding her former husband in contempt of court for failure to pay child support. After a hearing, Owen Ganzel was found to be in contempt and sentenced to serve four months in the Du-val County jail, provided he could purge himself of contempt by payment of $1000 plus applicable service charges. Former husband then sought review in this court, *113 filing a notice of appeal, an “appeal to vacate incarceration order” and a “motion for a supersedeas bond (emergency motion)”. We elected to treat these pleadings as a petition for writ of habeas corpus and directed respondent Mary Ganzel to show cause why relief should not be granted.[1] We have now considered the response and find petitioner is entitled to relief.
Although former husband was questioned about his earnings and those of his present wife in the month prior to the hearing and the order of incarceration recites facts concerning those earnings, we find that this does not satisfy the requirement that the trial court make “a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order”, Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985). Accordingly, the petition for writ of habeas corpus is granted and respondent McMillan is directed to immediately deliver petitioner to a judge of the Fourth Judicial Circuit, Duval County, for a hearing on petitioner’s ability to pay the purge amount or to set a time for such hearing and for further proceedings as appropriate in light of the findings of that hearing. Petitioner is entitled to release until a finding is made of his present ability to pay the purge amount.
WRIT ISSUED.
MILLS, WENTWORTH and BARFIELD, JJ., concur.

. We also named the trial judge and the sheriff of Duval County as respondents and gave them the option to file responses, an option which they declined to exercise.